IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WARREN MCDONALD, ON BEHALF OF ALL
OTHERS SIMILARLY SITUATED,

    Plaintiffs,

v.    No. CIV-99-0863 BB/LCS

DON BURDINE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action...is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated at the Penitentiary of New Mexico. The complaint, signed only by



Plaintiff, purports to assert claims of all inmates incarcerated at the Roosevelt County, New Mexico, Detention Center. Plaintiff alleges the detention center does not have a law library or a policy to ensure inmates' access to legal materials, and he claims this situation violates inmates' rights of due process and equal protection. The complaint asks for an injunction prohibiting Defendant from continuing the alleged deprivations.

Plaintiff's claims must be dismissed for failure to present a case or controversy requiring decision by this Court. First, Plaintiff may not raise the claims of a fellow inmate, no matter how meritorious the claims may be. "The general rule...is that a plaintiff must assert his own constitutional rights." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). Claims on behalf of the "similarly situated" persons, therefore, must be dismissed. And second, because Plaintiff is no longer incarcerated in the Roosevelt County Detention Center, his own claims for injunctive relief are moot. *See Bee v. Utah State Prison*, 823 F.2d 397, 397 n.1 (10th Cir. 1987) (inmate's release on parole moots all but his claim for damages). Plaintiff's claims on his own behalf must also be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint be DISMISSED; all other pending motions are DENIED as moot; and an order of dismissal will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE